**Norma Evans GADSDEN,**
**Plaintiff–Appellant,**

v.

**BERNSTEIN LITOWITZ BERGER & GROSSMAN, J. Erik Sandstedt, John Kehoe, Rochelle Feder Hansen, Defendants–Appellees.**

**No. 07–3835–cv.**

United States Court of Appeals,
Second Circuit.

April 21, 2009.

Norma Evans Gadsden, Mount Vernon, N.Y., pro se.

John Patrick Keil, Collazo Carling & Mish LLP, New York, N.Y., for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Norma Evans Gadsden appeals *pro se* from an order of the United States District Court for the Southern District of New York (Robinson, *J.*), granting summary judgment in favor of defendant-appellee Bernstein Litowitz Berger & Grossman LLP ("Bernstein Litowitz"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Gadsden, an African–American, was employed as a legal secretary at the Bernstein Litowitz law firm from August 1998 until her termination in November 2003. Liberally construed, Gadsden's complaint brings causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 for employment discrimination (arising from her non-reassignment and eventual termination), retaliation (after she reported certain allegedly racist comments internally to the firm's Human Resources Director and externally to the EEOC), and hostile work environment.

We review a district court's order granting summary judgment *de novo,* and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). We apply the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to Gadsden's claims of employment discrimination, as well as retaliation. *Terry v. Ashcroft,* 336 F.3d 128, 141 (2d Cir.2003).

■ With respect to Gadsden's employment discrimination claim arising from her termination, summary judgment was proper because Gadsden put forth no evidence giving rise to a reasonable inference that any adverse actions taken against her were motivated by discrimination. With respect to Gadsden's request for re-assignment to different lawyers, the defendant offered a legitimate, non-discriminatory motive for their conduct, and Gadsden offered no evidence that would permit a rational finder of fact to conclude that the defendant's decision was based in any part on discrimination.

■ With respect to Gadsden's retaliation claim, she failed to point to any evidence at the third stage to rebut the defendant's legitimate, non-discriminatory justifications for her termination. *See Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 216 (2d Cir.2001). Gadsden had been given warning in July 2003, and her year-end reviews remained negative. To the extent Gadsden argues that other acts besides her termination constituted retaliation, we affirm for substantially the same reasons stated in the district court's thorough Decision and Order.

■ With respect to the hostile work environment claim, Gadsden provided no evidence of a general atmosphere permeated with racial intolerance. Even if the one discriminatory remark that Gadsden alleged (based on two-level hearsay) were somehow admissible, that one event does not rise to the severity necessary to consti-

tute a hostile work environment. *See Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir.2002). Gadsden has not provided evidence that the alleged comment was part of a pattern of concerted and continuous harassment. *See National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 115, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Finally, the district court properly declined to exercise supplemental jurisdiction over any state law claims Gadsden may have raised.

Finding no merit in Gadsden's remaining arguments, we hereby **AFFIRM** the judgment of the district court.